MICHAEL DENIEL v. STATE OF OHIO.

**Refusal by Common Pleas of Leave to File Error Proceedings to Review Conviction for Unlawful Sale of Intoxicating Liquors, not Reviewable in Court of Appeals.**

Where one who has been tried and convicted before a magistrate for violation of the law against the sale of intoxicating liquors, applies to the court of common pleas for leave to file a petition in error to review the proceedings and judgment of the magistrate, and the court to whom the application is made refuses to grant leave to file a petition in error, such refusal is not reviewable on error in the court of appeals.

[Syllabus by the court.]

MOTION to strike off motion to file petition in error.

*Chadman & Appleby,* for plaintiff in error.
*R. E. Mygatt,* for defendant in error.

NORRIS, J.

Motion for leave to file petition in error to review the refusal of the court of common pleas to permit a petition in error to be filed in the same case and motion to strike off that motion.

Deniel was convicted before a magistrate of violation of the law against the sale of intoxicating liquors. He made application to the court of common pleas for leave to file a petition in error to review the proceedings and judgment of the magistrate, which leave was refused. Application was made to this court for leave to file a petition in error to review that refusal, and motion made to strike off the motion for review.

We had supposed that the question of granting leave in such a case was settled by the Supreme Court in the case of *Canfield* v. *Brobst,* 71 Ohio St. 42 [72 N. E. Rep. 459], the syllabus of which is as follows:

"Where one who has been tried and convicted before the mayor of a municipal corporation for violation of an ordinance, applied under Sec. 1752 R. S. (G. C. 4551), to the court of

Ashtabula County Appeals.

common pleas, or a judge thereof, for leave to file a petition in error to review the proceedings and judgment of the mayor, and the court, or judge, to whom the application is made refuses to grant leave to file the petition in error, such refusal is not reviewable on error in the circuit court.''

Now, it is urged that there is a distinction between this case, which is a prosecution for violation of the liquor law, and a prosecution for violation of the village ordinance, but the Supreme Court do not put the decision in the Canfield case upon any such distinction as is urged by counsel. In this case application was to be made to the court. In the Canfield case it might have been made to the court or a judge thereof, but what may the court review? Section 6707 R. S. (G. C. 12258) provided:

''An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title.''

Now, the Supreme Court in the Canfield case say that there was no action pending, simply an application for leave to file, and it could not be claimed that it was an order made in an action, and they say:

''The application for leave to file a petition in error, cannot be dignified by the name of a proceeding, special or otherwise. The term 'special proceeding' is sometimes defined as a proceeding in a court which was not, under the common law and equity practice, either an action at law or a suit in chancery. The term is used in code states in contradistinction to 'action.' The defendant in error sought to institute a proceeding. He could do so only upon leave of the common pleas court or a judge thereof. The asking leave is not a special proceeding, and does not become such until the door of the court is opened for its entrance.''

Now, it would seem that this reasoning applies with equal force to proceedings under the liquor law, which provides that no petition in error can be filed without leave of the court, and

Deniel v. State of Ohio.

when such leave is refused there is nothing for a higher court to review.

See also the case of *Walder* v. *State*, 82 Ohio St. 452, where the Supreme Court applied the reasoning in the Canfield case to a case for violation of the law prohibiting the sale of intoxicating liquors. There is a further reason that under the new constitution the jurisdiction of the court of appeals is expressly limited as follows:

"The court of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify or reverse the judgments of the court of common pleas."

As we have already found, there was no judgment of the court of common pleas in this case, so that there was nothing for this court to modify or reverse. The motion to strike off the motion for leave to file a petition in error will be sustained and the motion stricken off.

**Metcalfe** and **Pollock, JJ.,** concur.